In the matter of PATRICK LEONARD, an absconding or concealed debtor.

Where an issue is formed between an attaching creditor and an individual proceeded against as an absconding or concealed debtor, by allegations of the debtor in his petition that "he is a resident of this state, and was not at any time within thirty days before the issuing of the warrant, or at any time thereafter, an absconding or concealed debtor within the intent of the statute," and where the debtor presents a number of affidavits in support of such allegations; it is a proper case for the exercise of the discretionary power of the court to award a trial by jury.

Where the debtor elects to present this issue under the statute, he admits the regularity of the proceedings of the attaching creditor and the requisite demand upon which they are founded; and the only question to be determined is the one thus put in issue.

On the 11th of August, 1847, upon the application of Charles Anderson, as a creditor of Patrick Leonard, a warrant was issued by the county judge of Ulster to the sheriff of that county, commanding him to attach, &c., the property of Leonard as an absconding or concealed debtor.   On the 18th day of the same month, Leonard presented to the county judge his petition, alleging that he was a resident within this state and was not, at any time within thirty days before the issuing of the warrant, an absconding or concealed debtor, within the meaning of the first article of title first of the fifth chapter of the second part of the Revised Statutes, and praying that his allegations in that behalf might be heard and determined by the Supreme Court, and at the same time delivered to the county judge the bond required in such cases.   The county judge reported his proceedings with the affidavits presented to him upon the application for a warrant to the Supreme Court, upon which report, together with affidavits, a motion was made at the Greene general term, held in October, 1847, for an order discharging the warrant that had been issued against the property of Leonard.

J. VAN BUREN and EDWARD R. BOYLE, *for motion.*

J. C. FORSYTH, *for Attaching Creditor.*

By the Court, HARRIS, Justice.—Whether or not the warrant was regularly issued, or whether the attaching creditor had at the time of making his application for a warrant such a debt against Leonard as would sustain his proceedings, it is not material now to inquire.   Instead of relying upon any irregularity in the proceedings, the debtor has chosen to avail himself of the opportunity which the statute allows him of litigating the question whether or not he was, at the time the warrant was issued, an absconding or concealed debtor, within the meaning of the act.   By

doing so, he admits the regularity of the proceedings, and puts his case upon the issue he is authorized to make under the forty-third section of the act relating to absconding or concealed debtors. Upon the report of the officer granting the warrant being made, the court is required to " proceed to hear the proofs and allegations of the parties in a summary way and to determine, not whether the affidavits upon which the warrant was issued were sufficient, nor whether the attaching creditor had such a demand against the alleged debtor as would authorize the issuing of a warrant, but merely whether the allegations in the petition of the debtor that "*he is a resident of this state and was not at any time within thirty days before the issuing of the warrant, or at any time thereafter, an absconding or concealed debtor within the intent of the statute,*" have been satisfactorily proved. If the court determine that such allegations have been proved, it is to grant an order discharging the warrant; but if it is determined that the allegations in the petition are not proved, the penalty of the bond given by the debtor upon presenting his petition, may be recovered with costs. Thus it will be seen that the only question to be determined by the court upon such hearing is, whether or not the debtor has established by satisfactory proof the allegations in his petition, that he was not at the time of issuing the warrant an absconding or concealed debtor, liable to be proceeded against by creditors under the provisions of the statute. If, upon hearing the proofs and allegations of the parties, the court deem it proper, it is authorized to direct that the question be submitted to a jury. In this case the debtor has produced a great number of affidavits in support of the allegations in his petition. It seems to be a proper case for the exercise of the discretionary power of the court to award a trial by jury. A venire must, therefore, be awarded to the county of Ulster, to try whether or not Patrick Leonard was at any time within thirty days before the issuing of such warrant, or at any time thereafter, an absconding or concealed debtor within the intent of the first article of the first title of the fifth chapter of the second part of the Revised Statutes—the affirmative of such issue to be held by the debtor. The issue to be made up by the debtor and settled by the county judge of Ulster, unless agreed upon by the parties. If the debtor shall not procure such issue to be settled within sixty days after notice of the rule to be entered hereon, the motion to discharge the warrant is to be denied, but without costs.